UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TARE RIVERA,

                  Plaintiff,

          -v.-

BARBERRY ROSE MANAGEMENT
COMPANY INC. et al.,

                  Defendants.

24 Civ. 09276 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

The Court has been informed that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case.  A proposed settlement has been submitted for the Court's approval.  *See* ECF No. 34.  The proposed settlement provides for an aggregate payment of $42,000 in connection with Plaintiff's FLSA claims, with (1) $28,000 to be apportioned to Plaintiff, and (2) the remainder ($14,000) allocated to Plaintiff's counsel, Heriberto A. Cabrera & Associates, in attorney's fees and costs.  *See* ECF No. 34-1 ¶ 8.1.

The Court has reviewed the terms of the proposed settlement and finds them to be fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

"[A]lthough the Court notes that the [proposed settlement] contains a general release of all claims, it is a mutual general release, which has been approved by courts in this Circuit." *Barrios v. ICP Jerome LLC*, 2026 WL 407883, at *1 (S.D.N.Y. Feb. 13, 2026) (approving FLSA settlement).  Here, the general release was obtained "after arms-length bargaining," where "Plaintiff was represented by experienced counsel," "the negotiations were supervised by a court-sanctioned mediator," and "Plaintiff is no longer employed by Defendants." *Strauss v. Little Fish Corp.*, No. 19 Civ. 10158 (LJL), 2020 WL 4041511, at *5 (S.D.N.Y. July 17, 2020)

(approving general release "when (1) it is mutual; and (2) the employer and employee have ceased their employment relationship").[1]

The proposed settlement also includes a non-disparagement clause. ECF No. 34-1 ¶ 11.1 (prohibiting Plaintiff from "mak[ing] . . . any Disparaging remarks . . . about [Defendants] . . . to any other Person . . . now or in the future."). The clause contains a carve-out for "truthful statements regarding [Plaintiff's] experiences concerning this Litigation or Agreement." *Id.* ¶ 11.2. "Non-disparagement clauses are valid, so long as they contain such a carve-out." *Diaz v. Rockland Gardens Assocs.*, 2023 WL 1517888, at *4 (S.D.N.Y. Feb. 3, 2023) (approving FLSA settlement agreement in which Plaintiff "agree[d] that he [would] not say or do anything, directly or indirectly, orally or in writing, that m[ight] criticize, disparage or reflect adversely on, or encourage any adverse action against Defendant," with an exception for "truthful statements to third-parties, including governmental agencies, about [Plaintiff's] employment at Defendant and litigating the Action."); *Payano v. 1652 Popham Assocs., LLC*, 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (commenting that "the overwhelming weight of authority" has approved "non-disparagement clause[s] in [] FLSA settlement agreement[s] that contain[] a carveout for truthful statements concerning the plaintiff's experience litigating the action," and collecting cases).

---

[1] *See Chowdhury v. Brioni America, Inc.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *3 (S.D.N.Y. Nov. 29, 2017) (approving general release in part "because the provision was negotiated by competent counsel for both sides"); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that the mutuality of the release "assuag[ed] concerns that the waiver benefits only Defendants"); *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4-7 (S.D.N.Y. Nov. 6, 2015) (Cott, Mag. J.) ("If an FLSA plaintiff is represented by counsel, it is hard to understand how a general release would confer an unevaluated and uncompensated benefit to the employer if, to justify the settlement, a lawyer has to represent to the court that the lawyer has explored other potential claims with the employee and the employee, with counsel's aid, can identify no additional basis to sue the employer and also acknowledges that she is forfeiting any claims currently unknown to her.").

In addition, Plaintiff seeks approval of $14,000 in attorneys' fees and costs, which "represents one-third of the recovery in this litigation." ECF No. 34 at 8. "Although the proposed award of attorney[s'] fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney[s'] fee award is based on an agreement between Plaintiff and her attorney." *Narvaez v. Hudson Park NY LLC*, No. 24 Civ. 8531 (JMF), 2025 WL 2494848, at *1 (S.D.N.Y. May 14, 2025) (citing *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.")); *see* ECF No. 34-3 at 2 ("The Client and the Law Firm agree that, in consideration for the legal services provided pursuant to this Agreement, the Client shall pay the Law firm one-third (33.3%) of any recovery . . .").

In any event, courts in this Circuit typically approve attorneys' fees that range from 30% and 33% of the total recovery. *See, e.g.*, *Moore v. FQSR, LLC*, No. 24 Civ. 5835 (VSB), 2026 WL 981496, at *1 (S.D.N.Y. Apr. 13, 2026) (describing the "attorneys' fee award [of] one-third of Plaintiff's total recovery . . . [as] typical in this Circuit); *Khatri v. Rytebox, LLC*, No. 25 Civ. 7167 (JMF), 2026 WL 522977, at *1 (S.D.N.Y. Feb. 25, 2026) (deeming "attorneys' fees in the amount of 33 1/3% of the recovery . . . appropriate"); *Hall v. City of New York*, No. 22 Civ. 10193 (BM), 2025 WL 1795943, at *3 (S.D.N.Y. June 30, 2025) (Moses, Mag. J.) (similar). In concluding that "attorneys' fees in the amount of one-third of the recovery is appropriate here," "the Court makes no findings with respect to the reasonableness of counsel's hourly rate or the reasonableness of the hours that counsel devoted to the case." *Narvaez,* 2025 WL 2494848, at

*1; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (commenting that "the trend in this Circuit is toward the percentage method" but noting that the Second Circuit "has never . . . demand[ed] a single method for calculating attorneys' fees").

Accordingly, the proposed settlement is approved, and the case is hereby DISMISSED with prejudice. The Court shall retain jurisdiction solely to resolve any disputes arising from the settlement agreement and the settlement of this action.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 13, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge

4